UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Avnet, Inc., a New York corporation, Civ. File No. 00-1789 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Robert B. Beale, an individual,
Horace K. Beale, an individual, and
BayRiver Corporation, a Minnesota corporation,

Defendants.

---

This matter is before the Court on the parties' request to the Court to issue a Reversal Plan. The factual and procedural histories of this case are set forth in the Court's June 9, 2001, Memorandum Opinion and Order (Clerk Doc. No. 33). Therefore, this Memorandum Opinion will include only a brief recitation of the facts relevant to the issues presently before the Court.

In the June 9, 2001, Order, the Court concluded that Defendant Robert Beale ("Beale") had secured payments in the amount of $424,804.39 from Control Systems, Inc. in violation of his fiduciary duty. The Court ordered that Beale repay the amount he unlawfully received for eventual distribution to Control System's creditors, including Plaintiff Avnet. The Court further ordered the parties to submit a joint proposal setting forth the precise method of reversal and identifying all known Control Systems' creditors. The

FILED AUG - 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

parties were ultimately unable to agree on several aspects of the reversal plan. The Court will address each of the principal disputes in turn. For the sake of clarity, the Court will issue the Reversal Plan separately.

### A. Interest

First, the parties dispute whether interest should be included in the total amount owed by Beale. According to Defendants, the Court's previous Order forecloses the inclusion of interest. (See Mem. and Order at 9 ("Beale must return a total of $424,804.39 to Control Systems.").) The Court disagrees. The only issues before the Court at the time of that Order were whether Beale unlawfully received payments from Control Systems, and, if so, what portion of those payments were unlawful. The Court decided those issues without considering whether interest should be added to the amount unlawfully received by Beale. Now that this issue is squarely before the Court, the Court concludes that interest shall be added to the $424,804.39 owed by Beale. Absent the inclusion of interest, Beale would be unjustly enriched, and Control Systems' unsecured creditors would be unfairly precluded from recovering the full amount owed to them.

Second, the parties dispute the amount of interest due. Under Minnesota law, a prevailing party is entitled to prejudgment interest in the case of unliquidated claims where, as here, "'the damages [are] readily ascertainable by computation or reference to generally recognized standards such as market value.'" Northwest Airlines, Inc. v. Flight Trails, 3 F.3d

292, 297 (8th Cir. 1993) (quoting Potter v. Hartzell Propeller, Inc., 189 N.W.2d 499, 504 (1971)). Two Minnesota statutes deal with the precise calculation of prejudgment interest. Under Minn. Stat. § 334.01, prejudgment interest may be awarded at the rate of 6% from the time of the breach. Under Minn. Stat. § 549.09, prejudgment interest runs only from the beginning of the judicial proceeding, in this case July 27, 2000, also at a rate of 6%. The latter section "was not intended to disturb the existing law of prejudgment interest [under § 334.01]," but rather to "allow interest in situations where interest was not already allowed by law." Id. at 297-98 (citing Seaway Port Authority v. Midland Ins. Co., 430 N.W.2d 242, 252 (Minn. Ct. App. 1988)). In this case, § 334.01 does provide for interest incurred as of the time of breach, therefore, the Court concludes that § 334.01 shall apply. The date of breach in this case is the date Beale unlawfully accepted the $424,804.39 at issue. Beale received those payments no later than October 30, 1997. Accordingly, based upon a 6% per annum interest rate, the Court concludes that Beale owes $92,037.06 in interest to Control Systems. Beale shall repay that amount to Control Systems for distribution to Control Systems' unsecured creditors in accordance with the terms of the Reversal Plan.

**B. Attorney's Fees**

The parties next disagree as to whether Avnet is entitled to receive attorney's fees from the fund created for the benefit of Control Systems' unsecured creditors. After reviewing the parties submissions to the Court on summary judgment, the Court concludes that Avnet is not entitled to attorney's fees from the fund. Simply put, Avnet did not "create, increase, or protect" the fund for the benefit of Control Systems' non-party unsecured

creditors. See Granville House, Inc. v. Dep't of Health, Educ. & Welfare, 813 F.2d 881, 883 (8th Cir. 1987). Avnet may, however, seek attorney's fees through other avenues.

**C. Separate Accrued Interest**

The parties dispute whether Control Systems' unsecured creditors should be permitted to include separate accrued interest in their claims. Because prejudgment interest has been assessed as of the date Beale unlawfully received the money constituting the fund, the Court sees no need to allow each creditor to submit accrued interest for their individual claims.

**D. Beale's Eligibility to Recover as Creditor**

Although the parties agree that the most efficient way to distribute the fund is to provide each eligible creditor with its pro rata share of the fund, Avnet asserts that Beale should not be included among those creditors. In the Court's view, the Reversal Plan will return the parties, and relevant non-parties, to the positions held by them prior to October 30, 1997. Thus, to the extent that Beale would have been able to participate in the fund prior to this lawsuit, he may do so now. Beale is entitled to recover his pro rata share, if any, of the fund.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Robert Beale owes a total of $516,841.45 ($424,804.39 principal + 92,037.06 interest) to Control Systems, due and payable pursuant to the terms of the Reversal Plan, filed separately;

2. Avnet is not entitled to attorney's fees from the fund created for the benefit of Control Systems' unsecured creditors;

3. Control Systems' unsecured creditors shall not be permitted to include separate accrued interest in their claims; and

4. Robert Beale is an eligible creditor of Control Systems, and is entitled to recover his pro rata share, if any, of the fund.

Dated: August 8, 2001

Paul A. Magnuson
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500