UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Avnet, Inc., a New York corporation, Civ. File No. 00-1789 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Robert B. Beale, an individual,
Horace K. Beale, an individual, and
BayRiver Corporation, a Minnesota corporation,

Defendants.

---

This matter is before the Court on the Motion for Award of Attorney's Fees and Costs filed by Plaintiff Avnet, Inc. ("Avnet"). In this Motion, Avnet asks the Court to assess such fees and costs against Defendant Robert B. Beale ("Beale"), or, in the alternative, to order that Avnet's fees and costs be paid out of the fund set up by previous Order of the Court.

The facts of this case are set forth at length in the Court's previous Memoranda Opinions and Orders, and will not be repeated here. In June 2001, the Court granted summary judgment in part to Avnet on its claims of breach of fiduciary duty and equitable subordination against Beale, and ordered Beale to disgorge the money that he received inequitably. The Order further required the parties to submit a plan for distribution of that money. The parties were unable to agree on a joint reversal plan, and after reviewing the separate submissions, the Court entered a reversal plan on August 8, 2001. That reversal

FILED DEC 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

plan set up a fund to enable the unsecured creditors of insolvent debtor Control Systems, Inc. to recover part of the debts owed them (the "reversal plan fund").

Avnet now seeks to recoup its attorney's fees and costs in bringing this action against Beale. Avnet contends that such an order is within the equitable powers of the Court. If the Court is disinclined to enter an order directing Beale to pay Avnet's fees, Avnet asks the Court to order that any claim Beale might have against the reversal plan fund is subordinate to Avnet's claim for attorney's fees.

Beale asserts that Avnet's claim for attorney's fees is precluded by the Order that accompanied the reversal plan. In that Order, the Court declined to order that Avnet could receive its attorney's fees from the reversal plan fund. The Order made clear, however, that Avnet could seek its fees "through other avenues." August 8, 2001, Memorandum Opinion and Order (Clerk Doc. No. 37) at 4. Thus, Beale's contention is not well taken.

Beale also argues that Avnet may recover fees only if it proves that Beale vexatiously multiplied the litigation proceedings in this matter. According to Beale, Avnet's claim for fees may not be grounded on Beale's inequitable conduct and breaches of fiduciary duty that underlie the lawsuit, but must be founded solely on Beale's litigation conduct. The Court disagrees. As Avnet notes, under the terms of the Note between Avnet and Control Systems, Avnet is entitled to recover its fees and costs incurred in securing payment under the Note. It is undisputed that Beale was the majority shareholder, sole director, and an officer of Control Systems. Moreover, throughout the period at issue in this litigation, Beale acted on

behalf of Control Systems and, indeed, acted as the corporation. Thus, as Avnet contends, Beale should be held to the terms of the Note.

Moreover, the Court's equitable powers in this situation are broad. Beale's conduct underlying this litigation is at the least questionable and at the worst fraudulent. The Court finds that Avnet is entitled to recover its reasonable attorney's fees and costs. However, Avnet may not recover those fees directly from Beale, but rather may recover its pro-rata share of those fees and costs from the reversal plan fund prior to any recovery by Beale from that fund.

Finally, Beale raises a question as to the reasonableness of the fees and costs claimed by Avnet. Again, Avnet is correct that the Court may decide Avnet's entitlement to fees without deciding the amount of fees. In this case, the most equitable course is for Avnet to submit its request for fees directly to the Administrator of the reversal plan fund. The Administrator should then follow the procedure in the reversal plan for distribution of Avnet's fee claim to all non-party creditors who have made claims against the fund, and allow time for those creditors, including Beale, to file objections to Avnet's claim. The Administrator will then make her recommendation to the Court as to the distribution of the reversal plan fund, including the pro-rata share of any fees and costs that she determines that Avnet may reasonably recover from the fund.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Avnet Inc.'s Motion for Award of Attorney's Fees and Costs (Clerk Doc. No. 50) is **GRANTED IN PART AND DENIED IN PART**;

2. Avnet is entitled to recover its pro-rata share of its reasonable attorney's fees and costs from the reversal plan fund prior to any payment from the fund to Defendant Robert Beale; and

3. Avnet shall submit its claim for attorney's fees and costs to the reversal plan Administrator for distribution to non-party creditors and Defendant Robert Beale, and after reviewing any objections to that claim, the Administrator will determine Avnet's reasonable attorney's fees and costs and include that pro-rata amount in her recommendation to the Court as to the distribution of the reversal plan fund.

Dated: December 13, 2001

Paul A. Magnuson
United States District Court Judge